IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIRIAM ÁLVAREZ-CORTÉS,

    Plaintiff,

        v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO: 15-2514 (MEL)

**OPINION AND ORDER**

Pending before the court is Miriam Álvarez-Cortés's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability benefits. Plaintiff—who applied for disability alleging a right eye vision condition, right eye retinal detachment, and major depression disorder—contends that the administrative law judge's decision was not supported by substantial evidence because the residual functional capacity ("RFC") used to determine alternate jobs was not supported by medical assessments.

**I.**     **PROCEDURAL AND FACTUAL BACKGROUND**

On May 6, 2011, Plaintiff filed an application for Social Security benefits alleging that on February 25, 2009, (or "the onset date"), she became unable to work due to disability. Tr. 388, 271.[1] Plaintiff later amended her onset date to November 9, 2009. Tr. 396. The claim was denied initially on February 2, 2012, and upon reconsideration on November 13, 2012. Tr. 14. Thereafter, Plaintiff requested a hearing, which was held on August 13, 2013, before Administrative Law Judge Emily Ruth Statum (hereafter "the ALJ"). Tr. 35–51. Plaintiff waived her right to appear

---

[1] "Tr." refers to the transcript of the record of proceedings.

at the administrative hearing. Tr. 66–67. On January 29, 2014, the ALJ issued a written decision finding that Plaintiff was not disabled, as defined by the Social Security Act, from the onset date through the date of her decision.[2] Tr. 27. Thereafter, Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 34. Plaintiff's request for review was denied on August 19, 2015, rendering the ALJ's decision the final decision of the Commissioner of Social Security, subject to judicial review. Tr. 1–5. Plaintiff filed a complaint seeking review of the Commissioner's findings on October 13, 2015. ECF No. 1. Both parties have filed supporting memoranda. ECF Nos. 17, 18.

## II. LEGAL STANDARD

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether her factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

---

[2] The decision noted that Plaintiff had sufficient quarters of coverage to remain insured through June 30, 2014. Tr. 15.

2

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's fact findings are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Irlanda Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social

Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that the plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. At step one, it is determined whether the plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether the plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If she does, then the ALJ determines at step three whether the plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. part 404, subpart P, appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then the plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether the plaintiff's impairment or impairments prevent her from doing the type of work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by her mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity (or "RFC"). Id. If the ALJ concludes that the plaintiff's impairment or impairments do prevent her from performing her past relevant work, the analysis then proceeds

to step five.  At this final step, the ALJ evaluates whether the plaintiff's residual functional capacity, combined with her age, education, and work experience, allows her to perform any other work that is available in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  If the ALJ determines that there is work in the national economy that the plaintiff can perform, then disability benefits are denied.  20 C.F.R. § 404.1520(g).

## III.     THE ALJ'S DETERMINATION

In the case at hand, the ALJ found in step one of the sequential process that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 16.  At step two, the ALJ determined that Plaintiff had a "severe combination of impairments: status post retinal detachment of the right eye, migraines, depression, and an anxiety disorder."  Id.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 17.

Next, the ALJ considered the entire record and found that Plaintiff "has the residual functional capacity to perform unskilled work, which is simple, routine and repetitive with monocular vision and performing work that requires good depth perception such as driving, work at unprotected heights, or with hazardous machinery with good visual acuity with the better eye."  Tr. 21.  The ALJ took into account the signs of Plaintiff's depressive disorder and the condition of her right eye in determining that Plaintiff is limited to unskilled, simple and repetitive work activity.  Id.  The ALJ granted great weight to the medical assessments of Dr. Al-Attar when determining the limitations of Plaintiff's right eye impairment as this physician is an ophthalmologist and had a treating relationship with Plaintiff.  Tr. 24, 22.

Notwithstanding the RFC finding the ALJ stated in her written opinion, during the disability hearing the ALJ presented an RFC hypothetical to the vocational expert which precluded good depth perception rather than requiring good depth perception: "[t]his person would have ability to work at all exertional levels, which is . . . routine and repetitive, with monocular vision and performing work that precludes depth perception, such as driving, working at unprotected heights, or with hazardous machinery." Tr. 40. Based on this hypothetical, the vocational expert determined that Plaintiff could not do her previous jobs as a machine operator or secretary. Tr. 40–41. The vocational expert then testified that a person with the same characteristics as the person in the hypothetical could work as a labeler, a checker, or a classifier. Tr. 41–42.

At step four, based on the testimony of the vocational expert and Plaintiff's residual functional capacity for unskilled work, the ALJ determined that Plaintiff was unable to perform her past work. Tr. 26. At step five, based on the testimony of the vocational expert, the ALJ determined that Plaintiff is capable of other work that exists in significant numbers in the national economy. Tr. 27. Thus, the ALJ found that Plaintiff was not disabled. Id.

## IV. ANALYSIS

All of Plaintiff's arguments on appeal challenge the ALJ's RFC in regards to Plaintiff's right eye condition.[3] Moreover, Plaintiff did not challenge steps one through four of the sequential process. Plaintiff only challenged step five. At issue in step five is whether Plaintiff can perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).

The ALJ, in her written opinion, determined that Plaintiff had an RFC which included monocular vision and work that required good depth perception. Tr. 21. The Plaintiff contends that the medical assessments do not support the RFC used in the ALJ's written opinion. This is

---

[3] Plaintiff's appeal does not allege the ALJ erred with respect to any findings of her mental condition or depression; therefore the court declines to address the same in this opinion and order.

partially correct. Dr. Luma Al-Attar, the treating ophthalmologist, stated on August 4, 2009, that "Ms. Alvarez is legally blind in the right eye at this time. This may affect her depth perception [and] peripheral vision. This does not affect other physical activities." Tr. 544. Thus, the question of Plaintiff's depth perception was not fully settled by the treating physician at that time. However, on June 30, 2011, Dr. Al-Attar also noted that Plaintiff was "visually impaired in the right eye only," but had "good vision in left eye for reading, driving, etc." Tr. 566. Therefore, the RFC used in the ALJ's written opinion was partially supported by the treating physician.

Regardless of whether the RFC stated in the ALJ's written opinion is fully supported, the RFC presented to the vocational expert during the disability hearing reflected Plaintiff's limitations based on the medical records. Tr. 40. The ALJ gave this hypothetical to the vocational expert in the hearing: "[s]he would have monocular vision, so she would have vision in one eye only, and so, the job couldn't have either depth perception or would preclude depth perception activities such as . . . driving, working at unprotected heights, or working with hazardous machinery." Tr. 40. Dr. Al-Attar stated that the Plaintiff should not perform "activity that requires good vision in the right eye," but noted that she had good vision in the left eye. Tr. 652, 566. Thus, the RFC used during the hearing was supported by the medical assessments of Dr. Al-Attar.

In response to the ALJ's hypothetical the vocational expert testified that three jobs could be performed by someone with the limitations of the Plaintiff: labeler, checker, and classifier. Tr. 41-43. All three of these jobs can be completed by someone with monocular vision, taking into account the person's difficulty with depth perception. Tr. 40-43. Thus, when taking the record as a whole, there is substantial evidence to support the ALJ's ultimate conclusion that there is other work in the national economy that the Plaintiff can perform. Therefore, step five of the sequential process was properly completed.

Plaintiff also contends that the ALJ relied on bare medical facts to formulate the RFC. While an ALJ is not qualified to assess a plaintiff's RFC based on bare medical facts that is not the situation at hand. See Lopez v. Sec'y of Health & Human Servs., 951 F.2d 427, 430 (1st Cir. 1991). As stated above, regardless of whether the RFC within the ALJ's written opinion is supported by medical assessments, the RFC used during the hearing is supported by medical assessments. These assessments are not bare medical facts but clear statements made by Dr. Al-Attar. Dr. Al-Attar indicated that the Plaintiff should not perform activities that required good vision in the right eye. Tr. 652. Additionally, the doctor indicated that Plaintiff was visually impaired in the right eye but her good eye, the left eye, could be used for "reading, driving, etc." Tr. 566. Moreover, the disability determination process generally accords "more weight to medical opinions from [a Plaintiff's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [Plaintiff's] medical impairment(s)." 20 C.F.R. § 404.1527(c)(2). Here, the ALJ gave great weight to the limitations that were reported by Dr. Al-Attar. Tr. 24. This was appropriate as Dr. Al-Attar was a treating physician and is an ophthalmologist who had the expertise needed to assess the plaintiff's right eye condition. Id. Therefore, the ALJ did not rely on raw medical facts but on the statements of Dr. Al-Attar when deciding that Plaintiff had monocular vision. Tr. 22.

Plaintiff has made a claim that the correct legal standards were not applied by the ALJ. Plaintiff contends that the defendant failed to meet the burden of showing other jobs exist in the national economy that Plaintiff could perform. However, at the fifth step of the sequential process, the ALJ considers the plaintiff's RFC, age, education, and work experience to determine if there is alternate work for the plaintiff. 20 C.F.R. § 404.1520(a)(4)(v); 20 C.F.R. § 404.1512(b)(3). The ALJ in this case followed these guidelines when she questioned the vocational expert. Tr. 40-43.

The vocational expert then determined that there were alternate jobs that Plaintiff could perform. Tr. 41-43. The three jobs identified by the vocational expert were labeler (DOT code 920.687-126), checker (DOT code 222.687-010), and classifier (DOT code 361.687-014). Tr. 27, 41-43. In the national economy, labelers are numbered at 130,000, checkers at 430,000, and classifiers at 500,000. Tr. 42. Thus, it was shown that there are other jobs that Plaintiff can perform. These alternate jobs were determined by the vocational expert at the hearing where the correct articulation of the RFC based on medical assessments was used. Therefore, the correct legal standards were followed by the ALJ and there is substantial evidence in the record taken as a whole to support the decision of the ALJ in denying disability.

Based on the foregoing analysis, the court concludes that the decision of the Commissioner was based on substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2017.

s/Marcos E. López  
U.S. Magistrate Judge